UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br>vs.<br>ANDREW KYTE,<br>     Defendant. | No. CR 23-4<br><br>BRIEF IN SUPPORT OF<br>RELEASE PENDING TRIAL |

COMES NOW Defendant, through counsel, and submits this brief in support of his request to be released pending trial. A detention hearing will be held on 2/2/2023, at 10:00 a.m. Defendant asserts that his actions over the past nearly four years demonstrate that he is not a clear and present danger to the community or likely risk of flight. Defendant will present evidence that if released, he would be supervised not only by the Court but also by reputable members of the community, with whom he would reside pending trial.

**Table of Contents**

I.   Constitutional and statutory framework ........................................... 2

II.  Chapter 3142(g) factors ................................................................. 3

   A.   Nature and circumstances of the offense and weight of evidence 3

   B.   Characteristics of the Defendant ................................................. 4

1

  C. Danger to the community ............................................................. 6

III. The standards for detention are not met in this case ...................... 7

IV. Conclusion ................................................................................... 9

## I. Constitutional and statutory framework

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required . . ." U.S. Const. Amend. VIII.

The subject of bail and detention also implicates the Fourteenth Amendment's Due Process Clause and requires that laws imposing pretrial detention "serve a compelling governmental interest," *United States v. Salerno*, 481 U.S. 739, 752 (1987) and "the Due Process Clause of the Fifth Amendment." *See United States v. Ailemen*, 165 F.R.D. 571, 577 (N.D.Cal. 1996).

Constrained by these considerations, the statutory scheme of 18 U.S.C. § 3142 favors release over pretrial detention. *United States v. Orta,* 760 F.2d 887, 890 (1985). Section 3142 provides several alternatives from which the judicial officer must choose including

release on personal recognizance or unsecured appearance bond, or release subject to certain conditions, or pretrial detention.

The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention.

## II. Chapter 3142(g) factors

Under 18 U.S.C. § 3142(g) the Court is to consider several factors in making the detention or release determination

### A. Nature and circumstances of the offense and weight of evidence

Under 18 U.S.C. § 3142(g)(1) and (2), the Court is to consider the nature of the offense and the weight to the evidence.

In Mr. Kyte's case the offenses alleged in the Indictment involve essentially receipt and possession of child pornography and exploitation through production. Under § 3142 (e)(3), these offenses trigger a rebuttable presumption in favor pretrial detention. However, this presumption gives the defendant the burden of production, it does not shift the burden of persuasion. *United States v. Orta*, 760 F2d at 891, fn 17.

3

Regarding the offenses charged, counsel understands that there was a search warrant issued and served at Mr. Kyte's residence in April of 2019. It appears that the nature of the offense and weight of the evidence is the primary basis for the Government seeking detention.

Regardless of the weight of the evidence, there is authority that this is the least important factor because court cannot make pretrial determination of guilt. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). In addition, the seriousness of charge doesn't necessarily justify detention. *United States v. Eischeid*, 315 F.Supp.2d 1033 (D. Ariz. 2003). This would be particularly true given the characteristics of the defendant, as discussed below.

### B. Characteristics of the Defendant

Under 18 U.S.C. § 3142(g)(3), the Court is to consider "(1) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (2) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release

4

pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law."

Andrew Kyte checks all the boxes with respect to the personal characteristics' factors. Except for the alleged misconduct for which he has been charged, Mr. Kyte has demonstrated good character his entire life, his mental and physical condition are good, he has lived in Iowa and Linn County most if not all his life, he has no history of drug or alcohol abuse, no criminal history (except for a disorderly conduct conviction at about age 18) and no failures to appeal in court proceedings. He was not on probation or parole at the time of the charged offense nor otherwise under supervision.

Mr. Kyte has long-term employment with steady income and has advanced through the ranks at his place of employment. He is a field project manager and supervisor for Weitz Construction, a non-residential construction company headquartered in Des Moines. The conduct underlying the charged offenses, if true, would be a complete aberration in an otherwise stellar life history.

5

### C. Danger to the community

The fourth factor listed in 18 U.S.C. § 3142(g), requires the Court to consider the "nature and seriousness of the danger to . . . the community that would be posed by [Defendant's] release."

As noted in *United States v. Orta, supra,* 760 F.2d at 890, Congress intended that pretrial detention should be limited to a small, identifiable class of persons who are too dangerous to be released pending trial. Specifically, *Orta* noted that:

> The passage of the pretrial detention provision of the 1984 Act did not, however, signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial. Rather, Congress was demonstrating its concern about "a small but identifiable group of particularly dangerous defendants as to whom neither the impostion [sic] of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." S.Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in 1984 Code Cong. & Ad.News at 3189. The legislative history stresses that "[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial. * * * It is anticipated that [pretrial release] will continue to be appropriate for the majority of Federal defendants." Id., at 7, 12 reprinted in 1984 U.S.Code Cong. & Ad.News at 3189 (emphasis added).

Mr. Kyte's release would not jeopardize the safety of the community or other persons. This is demonstrated by his conduct since his residence was raided and searched nearly 4 years ago. He was not

6

arrested then and remained in the home with his family. Mr. Kyte has undergone a mental health evaluation and several subsequent counseling sessions and would be amenable to further evaluation as a condition of release.

The Government was content with Mr. Kyte remaining in the community for several years after the search that led to his Indictment, and nothing occurred post-Indictment to suddenly make him a threat to the community.

### III. The standards for detention are not met in this case

The Bail Reform Act requires the pretrial detention of a defendant only if a judicial officer determines that *no* conditions or combination of conditions exist which will "reasonably assure the appearance of the person," *see United States v. Xulam*, 84 F.3d 441, 442 (D.C.Cir. 1996) (per curiam), and "the safety of any other person and the community." *United States v. Rodriguez,* 897 F. Supp. 1461, 1463 (S.D.Fla. 1995); 18 U.S.C. § 3142(c).

The Act favors pretrial release; "the court must resolve all doubts regarding the propriety of release in the defendant's favor." *United*

States v. Sanchez-Martinez, 2013 WL 3662871 (D.Col. 2013); *United States v. Dany*, 2013 WL 4119425 (N.D.Cal. 2013) (pretrial release should be denied "only in rare circumstances").

The standard for detention based on danger to the community is by clear and convincing evidence. *Orta*, 760 F.2d at 890. Clear and convincing evidence means proof that the particular defendant actually poses a danger, not that the defendant in theory poses a danger. *United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991). For the reasons set forth above, there is strong evidence that Mr. Kyte is not now a danger to anyone in the community.

Regarding the risk flight factor, as noted in *Orta*, the statute does not expressly state the appropriate evidentiary standard necessary to support a finding of propensity for flight, indicating the preponderance of evidence standard usually applied in pretrial proceedings is appropriate. *Orta*, fn. 20, referencing *United States v. Freitas*, 602 F. Supp. 1283 (N.D. Cal. 1985). A defendant need only present some credible evidence showing defendant is not flight risk or danger to the community, e.g., defendant has burden of production only. *United States v. Alatishe*, 768 F.2d 364 (D.C. Cir. 1985); *United States v.*

8

*Jessup*, 757 F.2d 378 (1st Cir. 1985); *United States v. Chimurenga*, 760 F.2d 400 (2d Cir. 1985); *United States v. Perry*, 788 F.2d 100 (3d Cir. 1986); *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985); *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985); *United States v. Portes*, 786 F.2d 758 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985).

This credible-evidence standard is met because Mr. Kyte has known for years that his home was raided and that an investigation was underway. He stayed in the community nonetheless despite having this knowledge. Indeed, knowing that he had been indicted and would be taken into custody he did, after making arrangements through counsel, self-surrender to the authorities on the date of his initial appearance. This is very strong evidence that he is not a risk of flight.

### IV. Conclusion

Many alternatives to detention are listed in 18 USC § 3142(c). They include:

1. Stay in custody of a person.

2. Maintain employment.

3. Stay in school.

4. Not associate with others.

5. Not contact victim/witnesses.

6. Abide by curfew.

7. Not possess firearms.

8. Not use alcohol/drugs.

9. Participate in drug treatment program.

10. Post bond.

11. Go to jail after work.

12. Electronic Home Monitoring

These conditions must be considered before detention ordered. *United States v. Orta, supra*, 760 F.2d at 890.

Mr. Kyte asserts that on the authority and for the reasons stated, releasing him pending trial to supervison of a federal pretrial release officer would be more than sufficient to "reasonably assure the

10

appearance of the person" and "the safety of any other person and the community." He would reside in Marengo, Iowa, with his mother and his stepfather, who is a former County Attorney. They would help assure his appearance in court and continued good behavior. He would return to work, if possible. And he would abide by any other conditions imposed by the Court.

Respectfully submitted,

*Mark Meyer*

MARK C. MEYER
425 2nd Street SE, Suite 1250
Cedar Rapids, IA 52401
319-365-7529
legalmail@markcmeyer.com

CO-COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

A copy of this document was served by ☐ mail, ☐ facsimile, ☐ hand-delivery ☒ electronic filing on this 2/1/2023 upon all counsel of record in this case.

*Mark Meyer*